# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| ARAG NORTH AMERICA, INC., an Iowa Corporation, and ANN DIELEMAN, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>GOOGLE INC., a Delaware Corporation,<br><br>　　　　　　　　　　Defendant. | CIVIL CASE NO. 4:13-CV-00520<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs ARAG North America, Inc. ("ARAG") and Ann Dieleman ("Dieleman" and collectively "Plaintiffs") in filing this Complaint against Defendant Google Inc. ("Google"), allege as follows:

## NATURE OF THE ACTION

1.　Plaintiffs bring this Complaint for infringement of U.S. Copyright No. VA-1-863-086 ("the copyright") against Google. By reason of Google's infringement and/or willful infringement of the copyright, Plaintiffs are seeking preliminary and permanent injunctive relief, profits, costs, reasonable attorney's fees and compensatory and trebled damages.

## PARTIES

2.　ARAG is an Iowa corporation, organized and existing under the laws of the State of Iowa, with its principal place of business at 400 Locust Street, Suite 480, Des Moines, IA 50309.

1

3.      Dieleman is an individual, the Chief Marketing Officer for ARAG, with her principal business location at 400 Locust Street, Suite 480, Des Moines, IA 50309.

4.      Upon information and belief, Google is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

5.      Upon information and belief, Google owns property in the Southern District of Iowa, in Council Bluffs.

6.      Upon information and belief, Google regularly conducts business in the State of Iowa.

## JURISDICTION AND VENUE

7.      This is a civil action arising primarily under the Copyright Act of 1976 codified in Title 17 of the United States Code §§ 101 *et seq.*

8.      This Court has jurisdiction over the subject matter of Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (general jurisdiction for copyright actions).

9.      This Court has personal jurisdiction over Google by virtue of systematic and continuous contacts with Iowa and this judicial district.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(a) in that Google is subject to personal jurisdiction in this district and therefore resides in this district.

## RELEVANT FACTS

11.     ARAG is the owner of the copyright, entitled *Dieleman Head Shot*. The copyrighted work was first published on December 16, 2005, and the effective date of registration is January 8, 2013. A true and accurate copy thereof is attached as Exhibit 1.

12.     The individual depicted in *Dieleman Head Shot* is Plaintiff Dieleman.

13.     On December 7, 2009, the Google "Blogger" hosted website, sexyexecs.blogspot.com ("Sexyexecs") posted the copyrighted image of Dieleman.

14. On September 11, 2012, Attorney Brett J. Trout, on behalf of Plaintiffs, sent Shantal Rands Poovala, Google's Agent Designated to Receive Notification of Claimed Infringement under the Digital Millenium Copyright Act ("DMCA"), a Notice of Infringement as authorized in 17 U.S.C. § 512(c). A true and accurate copy thereof is attached as Exhibit 2.

15. On September 25, 2012, Google responded to the Notice of Infringement that it would not remove the infringing content. A true and accurate copy thereof is attached as Exhibit 3.

## COUNT I—COPYRIGHT INFRINGEMENT

16. Plaintiffs incorporate by reference paragraphs 1 through 15 as if set forth fully herein.

17. Google has actual knowledge that image is copyrighted and an activity posting or using the copyrighted image is infringing.

18. Google is aware of facts and circumstances from which the infringing activity – posting the copyrighted image – is apparent.

19. Upon obtaining actual knowledge of infringing or facts and circumstances indicating that infringing activity is apparent, Google did not act expeditiously to remove or disable access to, the copyrighted image.

20. Plaintiffs provided notice of the infringement in a written communication to Google's designated agent (the "notice").

21. The notice substantially complied with the requirements of 17 U.S.C. § 512(c)(3)(A).

22. The notice included the physical or electronic signature of Brett J. Trout, an attorney authorized to act on behalf of Plaintiffs in regard to the infringement.

23. The notice identified the copyrighted image claimed to have been infringed.

24. The notice identified the material claimed to be infringing and that was to be removed or access to which was to be disabled.

25. The notice provided information reasonably sufficient to permit Google to locate the copyrighted image.

26.     The notice provided information reasonably sufficient to permit Google to contact Plaintiffs or Brett J. Trout. Brett J. Trout provided his address, telephone number, and email address.

27.     The notice included a statement that Plaintiffs had a good faith belief that the use of the infringing material in the manner complained of was not authorized by Plaintiffs.

28.     The notice included a statement that the information in the notification was accurate, and under penalty of perjury, that the complaining party was authorized to act on behalf of the copyright owner.

29.     After receiving the notice, Google's designated agent promptly contacted Brett J. Trout.

30.     Upon notification of infringement, Google did not act expeditiously to remove or disable access to, the infringing material.

31.     As of December 31, 2013, the copyrighted image is still reproduced or displayed at the Sexyexecs blog page.

32.     Google's infringement of the copyright is, and has been, willful and deliberate.

33.     As a direct and proximate result of Google's infringement of the copyright, Plaintiffs have suffered and continue to suffer damages.

34.     Plaintiffs have no adequate remedy at law and will be irreparably injured unless Google's acts of infringement are enjoined by this Court.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiffs ARAG and Dieleman demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Google, and that Plaintiffs be granted the following relief:

A.      Issuance of a preliminary injunction and permanent injunction restraining Google, its officers, agents, servants, attorneys and all persons in active concert or participation with Google from further acts of copyright infringement;

B.      Entry of an award of damages sufficient to compensate Plaintiffs for Google's infringement;

C.      Entry of an award of increased damages in an amount not less than three times the damages found or assessed by this Court for Google's willful and wanton acts of infringement;

D.      Order Google to pay all costs, attorneys' fees, and applicable interests; and

E.      Grant Plaintiffs such other and further relief as this Court shall deem appropriate.

Dated: December 31, 2013                    BRETT J. TROUT, P.C.


By:__/s/ Brett J. Trout_____
Brett J. Trout
516 Walnut
Des Moines, IA 50309
Tel: (515) 280-1939
Fax: (515) 280-7114
trout@BrettTrout.com

ATTORNEY FOR ARAG NORTH AMERICA, INC., and ANN DIELEMAN

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of this document was filed electronically via the Court's CM/ECF system this 31st day of December of 2013. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                /s/ Brett J. Trout
                                                                Brett J. Trout